*Simpson* had redeemed them on *May* 18, 1858, and it is not clear, from the evidence, that the property in them passed till then, and *Jones* was not notified of *Hawkins'* purchase till *December* 30, 1858.

Under any aspect, this case presents, then, *Jones* was entitled to a set-off to the amount claimed by the plaintiff in this suit, it being less than $396. What we have thus said upon the facts, will meet all the questions upon instructions, &c., necessary to be noticed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. C. McIntosh* and *B. F. Claypool*, for the appellant.

*N. Trusler, G. Trusler* and *J. W. Wilson*, for the appellee.

---

### BEAL *v.* BENHAM.

APPEAL from the *Miami* Circuit Court.

*Per Curiam.*—We think, on the facts of this case, a new trial ought to have been granted.

The judgment is reversed, with costs. Cause remanded, with instructions to grant a new trial.

*J. A. Beal* and *J. M. Brown*, for the appellant.

*W. S. Benham, N. O. Ross* and *R. P. Effinger*, for the appellee.

---

### BEAL *v.* RAY and Another.

17b 554
150 425

On *September* 28, 1861, *A.*, who was the judge of the Court of Common Pleas for the 12th District of the State of *Indiana*, vacated said office, and on *September* 30, the vacation of said office became constructively known to the public, through the appointment of *B.* by the Executive of the State, as the successor in said office, and the entering of *B.* upon the duties of said office. On *Tuesday, October* 8, the general annual election for the State took place, and at such election votes were cast for *B.* and *C.*,